Wrisht, J.,
delivered the- opinion of the Court.
This case originated before a justice of the peace. There were six separate suits, upon so many distinct claims. Judg *316 ments being rendered against the defendant below, he appealed to the Circuit Court, where the cases were, by consent of the parties, consolidated. Judgments there, also, being against Walker, he has appealed in error to this Court.
The contest here, is as to a note for $50.20, dated the 24th of January, 1853, made payable by Walker to Moore & McCarty. The warrant, or summons, sued out upon this note, was to answer the complaint of Andrew Galbreath and Wm. P. M. Gambrel, admrs. of A. P. McCarty, deceased, in a plea of debt due by note.
The Circuit Judge charged the jury, that the note being payable to Moore & McCarty, in the absence of proof showing that A. P. McCarty was a member of the firm of Moore & McCarty, and that McCarty was the surviving member of the firm, there would be such a variance between the cause of action set forth in the warrant, and the note read in evidence, as would defeat a recovery under that warrant.
A new trial is now claimed upon the ground that the verdict is against the charge of the Circuit Court, and entirely unsupported in the evidence. It is said there is no proof of the partnership of Moore & McCarty, or that A. P McCarty was a member of that firm; and more, that ho was its sur-' viving member.
It is true, there is no direct evidence of the partnership; but it does distinctly appear, that Walker executed this note to A. P. McCarty personally, and the fact that he took it, payable to Moore & McCarty, is some evidence that he had an interest in it, either as a partner of Moore, or as a joint payee with him. Besides, it is shown from other portions of the testimony, that A. P. McCarty not only had an interest in this note, but that there was some reason to believe he was solely interested in it. The defendant is shown to have treated with him as the creditor and the person who was entitled to collect it; and he expressly promised him to pay it, provided he redeemed a tract of land of one Hipsher. This right of redemption he afterwards sold to Hipsher.
These facts furnish some evidence that McCarty had become *317 this money constitutes a debt from James H. Jones & Co. to the legal owner of this note by the death of Moore, and under our practice, we cannot say the verdict is unsupported.
We may remark, that it is immaterial whether Moore and A. P. McCarty were partners, or joint payees, upon the death of Moore the legal title and right of suit in this note, would survive to McCarty, and his personal representatives might well maintain this action.
In this view of the case, it follows, the Circuit Judge did not err in refusing to withdraw the note from the jury upon the ground of a variance.
The judgment of the Circuit Court will be affirmed.